# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
05/08/2014
CT Log Number 524915924

**TO:**    Becky Karnitz
Green Tree Servicing LLC
345 Saint Peter Street, 1400 Landmark Towers
Saint Paul, MN 55102

**RE:**    **Process Served in Georgia**

**FOR:**    Green Tree Servicing LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frederick Luster, Pltf. vs. Green Tree Servicing LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request, Certificate of Service |
| **COURT/AGENCY:** | Dekalb County State Court, GA<br>Case # 14A509203 |
| **NATURE OF ACTION:** | Plaintiff demands judgment against the defendant for Violations of the Telephone Consumer Protection Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2014 at 10:38 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James M. Feagle<br>Skaar & Feagle, LLP<br>108 East Ponce De Leon Avenue<br>Suite 204<br>Decatur, GA 30030<br>404-373-1970 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/08/2014, Expected Purge Date: 05/13/2014<br>Image SOP<br>Email Notification, Becky Karnitz rebecca.e.karnitz@greentreecreditsolutions.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tyeasha Harris<br>1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

No. 14 A 50920 -3

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

Date Summons Issued and Filed

**SUMMONS**

_____
Deputy Clerk

Deposit Paid $ 217.50

FREDERICK LUSTER
_____
(Plaintiff's name and address)

[] ANSWER
**vs.**

[] JURY

GREEN TREE SERVICING LLC
_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

James M. Feagle   Skaar + Feagle, LLP
_____
(Name)

108 E. Ponce de Leon Avenue  Suite 204, Decatur, GA 30030
_____
(Address)

(404) 373-1970                    256916
_____
(Phone Number)              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

BY: _____ DEPUTY CLERK
FILED
2014 APR -4  PM 12:13
STATE COURT OF
DEKALB COUNTY GA

_____     _____
Defendant's Attorney                  Third Party Attorney

_____     _____

_____     _____
Address                              Address

_____     _____
Phone No.      Georgia Bar No.        Phone No.      Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ☐ Personal Injury          Principal    $ _____
☐ Contract       ☐ Medical Malpractice
☐ Note           ☐ Legal Malpractice        Interest     $ _____
☐ Trover         ☐ Product Liability
                 ☐ Other                     Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,                           :
                                            :
        Plaintiff,                          :
                                            :          CIVIL ACTION FILE
                                            :
v.                                          :          NO. _14A 50920 -3_
                                            :
GREEN TREE SERVICING LLC,                   :
a Delaware limited liability company,       :
                                            :
        Defendant.                          :
_____   :


## COMPLAINT FOR DAMAGES

## INTRODUCTION

1.    This is an action for damages against the defendant for violations of the

      Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the

      regulations proscribed thereunder, 47 C.F.R. § 64.1200.


## PARTIES AND PERSONAL JURISDICTION

2.    Plaintiff FREDERICK LUSTER is a resident of this State and County and is

      authorized by law to bring this action.

-1-

3.  Defendant GREEN TREE SERVICING LLC is a limited liability company organized under the laws of the State of Delaware. [Hereinafter said defendant is referred to as "GREEN TREE"].

4.  GREEN TREE transacts business in this state and county.

5.  GREEN TREE's transactions in this state and county give rise to Plaintiff's causes of action.

6.  GREEN TREE is in the business of purchasing and servicing residential loans throughout the United States, including the State of Georgia.

7.  In the course of its business, GREEN TREE directed telephone calls to Plaintiff's cellular telephone number in DeKalb County, Georgia.

8.  The telephone calls to Plaintiff's cellular telephone number give rise to Plaintiff's claims.

9.  GREEN TREE is subject to the jurisdiction and venue of this Court.

10. GREEN TREE may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

## FACTS COMMON TO ALL CAUSES

11.   Defendant made and/or initiated telephone calls to Plaintiff's cellular telephone number ending in -1970.

12.   In many of the telephone calls, Defendant left voice mail messages which consisted of dead air.

13.   All of the telephone calls were initiated using a predictive dialer.

14.   All of the telephone calls were initiated using software capable of predictive dialing.

15.   All of the telephone calls were initiated using dialing software developed by Aspect Software, Inc.

16.   The telephone calls to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

17.   GREEN TREE's Aspect dialing software has the capacity to store telephone numbers.

18.   GREEN TREE's Aspect dialing software has the capacity to dial from a database of numbers.

19.   GREEN TREE's Aspect dialing software has the capacity to dial from a database of numbers at random or in sequential order.

-3-

20.     GREEN TREE's dialing system has the capacity to dial from a database of

telephone numbers without human intervention.

21.     GREEN TREE's telephone calls to Plaintiff were initiated using an

automatic telephone dialing system.

22.     In the telephone calls to Plaintiff, GREEN TREE was calling in an attempt

to collect debts owed by multiple consumers to GREEN TREE.

23.     Plaintiff does not know the consumers from whom GREEN TREE was

attempting to collect.

24.     All of the telephone calls we initiated using GREEN TREE's Aspect dialer.

25.     GREEN TREE did not have the prior express consent of Plaintiff to initiate

telephone calls to his cellular telephone number using an automatic

telephone dialing system regarding these debts.

26.     GREEN TREE did not have the prior express consent of Plaintiff to initiate

telephone calls to his cellular telephone number using an artificial or

prerecorded voice to deliver a message.

27.     The telephone calls to Plaintiff's cellular telephone number were knowingly

and/or willfully initiated using an automatic telephone dialing system.

28. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

29. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

30. It was the intent of GREEN TREE to initiate the telephone calls to the cellular telephone number ending in -1970.

31. The telephone calls were annoying to Plaintiff.

32. The telephone calls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

33. Defendant's telephone calls violate the Telephone Consumer Protection Act.

34. Plaintiff has complied with all conditions precedent to bring this action.


## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

35. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

36. Defendant's violations of the TCPA include, but are not limited to, the following:

37. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

38. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation.

39. Defendant's violations were committed willfully and knowingly, and Plaintiff requests this court treble damages to $1,500.00 for each such violation.

40. The Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

a)    That Plaintiff be awarded damages in the liquidated amounts

provided by statute;

b)    That Plaintiff be awarded treble damages;

c)    That Plaintiff be awarded the expenses of litigation including costs

and a reasonable attorney's fee; and

d)    That the Court grant such further and additional relief as is just in the

circumstances.


Respectfully submitted,


**SKAAR & FEAGLE, LLP**

by:    _____

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,                                :
                                                 :
        Plaintiff,                               :
                                                 :        CIVIL ACTION FILE
v.                                               :
                                                 :        NO. _____
GREEN TREE SERVICING LLC,                        :
a Delaware limited liability company,            :
                                                 :
        Defendant.                               :
_____              :

**PLAINTIFF'S FIRST DISCOVERY REQUESTS
TO DEFENDANT GREEN TREE SERVICING LLC**

COMES NOW PLAINTIFF, pursuant to the Georgia Civil Practice Act, and

for purposes of discovery and all purposes authorized by law, requires that the named

defendant answer under oath the following Discovery Requests within the time

prescribed by law and to serve a copy of said answers on plaintiff's counsel.

DEFINITIONS AND INSTRUCTIONS

These discovery requests are continuing in nature and the propounder of said

discovery hereby requests that all responses be timely supplemented in accordance

with the Georgia Civil Practice Act.

- 1 -

Any reference to "TIME PERIOD" shall mean that period of time beginning 4 years prior to the initiation of this action through the conclusion of this litigation.

Any reference to a party to this litigation shall include, in addition to the party referred to, any and all attorneys, officers, agents, employees, servants, representatives, investigators, and all others who may have obtained information for or on behalf of said party and over which information said party has control and access.

The plural shall include the singular and vice versa.

The term "document(s)" shall mean (whether or not in existence) any type of writing, recording, photograph, drawing, graphic material or tangible thing. "Document(s)" specifically includes computerized or other electronically stored data of any type.

Any reference to Plaintiff's cellular telephone number means (404) 379-1970.

The term "automatic telephone dialing system" means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. Additionally, this term specifically includes any "predictive dialer" as that term is used in trade usage and referenced by the Federal Communications Commission in its July 3, 2003 Report and Order, 18 FCC Rcd. 14014, 14091-14094, ¶¶ 131-133 (2003) and its January 4,

- 2 -

2008 Declaratory Ruling, 23 FCC Rcd. 559, ¶¶ 12-14 (2008), including but not limited to any equipment which has the capacity to dial stored telephone numbers without human intervention.

## INTERROGATORIES

1.   Identify (by name, social security number, home and work address, home and work telephone number) each person answering or assisting in the preparation of answers to these discovery requests.

2.   Identify (by name, social security number, home and work address, home and work telephone number) each person who to defendant's knowledge, information or belief has any information (including eye-witnesses, surrounding circumstances, &c.) whatsoever concerning:

   (a)   facts that would tend to prove or disprove the claims made in the COMPLAINT, and

   (b)   facts that would tend to prove or disprove any of the defenses or claims made in any responsive pleading;

and state with particularity the nature and substance of each such fact or circumstance which is known to each person as identified.

3.   Identify each document which to defendant's knowledge, information or belief, contains any information whatsoever concerning:

(a)   facts that would tend to prove or disprove the claims made in the COMPLAINT, and

(b)   facts that would tend to prove or disprove any of the defenses or claims made in any responsive pleading;

and state with particularity the location and custodian of each such document.

4.   Please state how the defendant obtained cellular telephone number (404) 379-1970 and how that number became associated with Defendant accounts.

5.   Please give the defendant's version of the incidents and practices at issue in this case, including all facts concerning the allegations of the complaint and answer.

6.   If defendant contends that there were some exigent circumstances that prevented defendant from complying with the law as alleged in the complaint or that circumstances exist which mitigate defendant's non-compliance, please state with specificity each and every circumstance.

7.   If you claim that any individual agent or employee of Defendant spoke to Plaintiff at any time, please state the date and time of the conversation, whether it was recorded and if not, please give the substance of the conversation.

- 4 -

8.    Please state why the Defendant did not use a human caller to identify the person or persons at the called number prior to initiating calls with its Aspect software.

9.    Please state the methods used by the Defendant in identifying the location information, including the correct telephone number, of alleged debtors.

10.    Please state the total number of lawsuits, arbitration proceedings or complaints that have been brought against Defendant for alleged violations of the TCPA, and for each such lawsuit state whether the TCPA was alleged to have been violated, the style, court and case number of each such case and the outcome of the case (settled, dismissed, verdict, etc.).

11.    Please provide the name, current address, and telephone number of each and every employee or former employee of Defendant that spoke with the Plaintiff. For each such employee, please give the date they were hired, the date they were terminated (if applicable), and whether they had any complaints against them. For any complaints against these agents, please give the details and the resolution of each such complaint.

12.    Please state the exact number of calls that were initiated by or on behalf of the defendant to telephone number (404) 379-1970 using its Aspect dialing system. For purposes of this interrogatory, please include calls which were

initiated using the Aspect dialing system even if such calls were made by human intervention, by means of preview dialing, or by manually entering the telephone number into the Aspect system for dialing.  Please include all calls even if no message was left or for which the call was not completed for some other reason.

13.   If you contend that any of the calls initiated by or on behalf of the defendant to the plaintiff's cellular telephone number were initiated with human intervention, please state the date and time of the telephone call(s), the person(s) who participated in the initiation of the telephone call(s), and the specific actions taken by such person(s) to initiate the telephone call(s).

14.   Please provide the make, model and serial number of Defendant's software which is used for initiating telephone calls to consumers for the purposes of collecting delinquent accounts.

15.   If the Defendant intends to raise the defense of prior express consent to any of Plaintiff's claims, please identify the claim on which the defense is to be raised and the factual basis for asserting the defense.   In responding to this interrogatory, please include the date such consent was granted, the method in which it was granted, and what documents Defendant has in its possession establishing such consent.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Georgia Civil Practice Act, you are required to produce the requested documents at the office of counsel, to wit: Skaar & Feagle, LLP, 331 Washington Ave., Marietta, Georgia 30060, within the time prescribed by law for a written response.

**Alternatively, you may respond by placing complete and legible copies of all the requested documents in the U.S. Mail with sufficient postage and properly addressed to: Skaar & Feagle, LLP, P.O. Box 1478, Marietta, Georgia 30061-1478. If you elect to reply by mail, the documents must be mailed in a manner and at a time to insure that the documents arrive within the time allowed for a response.**

You are to produce all documents of every type and description in your possession or under your control, which are described as follows:

1.    All correspondence or other documents sent between the parties.

2.    Written reports or other documents referenced in the interrogatories.

3.    All documents which contain the information requested in interrogatories.

4.    The manual for Defendant's Aspect dialing software.

- 7 -

5.    A complete copy of any communications log between defendant and plaintiff (including any notations of letters sent, notes of any telephone calls, and all other information regarding calls placed between defendant and plaintiff).

6.    The complete employment file(s) of any employee that actually spoke with Plaintiff (including but not limited to their application, performance reviews, complaints, disciplinary action taken and separation notice(s) if applicable).

7.    The complete employment file(s) of any employee that took part in the initiation of telephone calls to telephone number (404) 379-1970 (including but not limited to their application, performance reviews, complaints, disciplinary action taken and separation notice(s) if applicable).

8.    Any and all documents in your possession signed by plaintiff.

9.    A copy of the contract or other document between the original creditor (in the underlying debt) and the alleged debtors for the collection of the underlying debt.

10.   A copy of any contract between Defendant and original creditor who assigned the alleged debts that Defendant was seeking to collect when calling (404) 379-1970.

11.   Defendant's complete file on the Plaintiff including all notations entered by Defendant's employees.

12. Defendant's complete file on the alleged debtors associated with telephone number (404) 379-1970 including all notations entered by Defendant's employees.

13. Any audio recording of any purported oral communications regarding the alleged account.

14. Any insurance policies which <u>may</u> provide coverage to Defendant for the claims alleged in this action.

15. All documents referenced in the interrogatories above and any responses to the interrogatories.

16. All documents reviewed by or used in connection with answering any of these discovery requests.

17. Any and all documents in your possession signed by plaintiff.

18. Any and all documents in your possession signed by debtor.

19. Defendant's complete records of communications regarding the alleged account that Defendant was attempting to collect when calling telephone number (404) 379-1970 (specifically including any computerize log of communications or attempted communication maintained by the Defendant, and of its collectors and/or attorneys).

20. Please provide copies of any Written Policies and Procedures, Employee handbooks, training materials for employees which collect delinquent accounts during the TIME PERIOD.

21. Please produce a copy of the complete and unredacted communication and/or collection log maintained by defendant in this case.  Include any legend, key, definitions or code list for use in interpreting said communication log.

22. Please produce a copy of all documents which have not otherwise been addressed in any other requests to produce, including but not limited to:

   1. Any privacy policy of Defendant;

   2. Any standard operating procedures or compliance manuals for Defendant; and

   3. Defendant's account history notes concerning Plaintiff and/or the alleged debtors it was seeking to collect from when calling (404) 379-1970.


## REQUESTS FOR ADMISSIONS

Pursuant to the Georgia Civil Practice Act,  you are required to either admit or deny the following REQUESTS FOR ADMISSIONS, within the time prescribed by law for a written response.

1. In the four years preceding the filing of the Complaint in this action, defendant initiated no less than 200 telephone calls using an automatic telephone dialing system to telephone number (404) 379-1970.

2. In the four years preceding the filing of the Complaint in this action, defendant initiated no less than 200 telephone calls using a predictive dialer to telephone number (404) 379-1970.

3. In the four years preceding the filing of the Complaint in this action, defendant initiated no less than 200 telephone calls to telephone number (404) 379-1970 using the Aspect Unified IP contact center software developed by Aspect Software, Inc.

4. All telephone calls initiated by the Defendant to telephone number (404) 379-1970 prior to the filing of the Complaint in this case were initiated using the Aspect Unified IP contact center software.

5. The Aspect Unified IP contact center software has the capacity to dial stored telephone numbers without human intervention.

6. All telephone calls initiated by defendant to telephone number (404) 379-1970 were initiated using software capable of predictive dialing.

7. All telephone calls initiated by defendant to telephone number (404) 379-1970 were initiated using equipment that dials numbers.

8.    Defendant's dialing software has the capacity to dial from a list of stored telephone numbers without further human intervention.

9.    The telephone calls were willfully initiated.

10.   The telephone calls were knowingly initiated.

11.   Defendant did not have the permission of Plaintiff to initiate telephone calls to his cellular telephone number using an automatic telephone dialing system.

12.   Defendant did not have the permission of the Plaintiff to initiate telephone calls to his cellular telephone number using an artificial or prerecorded voice.

13.   The Defendant knew that its use of artificial or prerecorded messages would violate the TCPA if a call was placed to a cellular telephone number without the prior express consent of the called party.

14.   The Defendant consciously entered telephone number (404) 379-1970 into its Aspect software.

15.   The Defendant deliberately entered telephone number (404) 379-1970 into its Aspect software.

16.   Defendant entered telephone number (404) 379-1970 into its Aspect software for the purposes of initiating telephone calls to that telephone number using the Aspect software.

17. Defendant knew that by entering telephone number (404) 379-1970 into is Aspect software that telephone calls would be initiated to that telephone number using that software in the event accounts became delinquent.

18. The telephone calls to telephone number (404) 379-1970 were initiated for the purposes of collection.

19. The telephone calls to telephone number (404) 379-1970 were not initiated due to dialer malfunction.

20. The telephone calls to telephone number (404) 379-1970 were not initiated due to accident or mistake.

21. Defendant intended to initiate telephone calls to (404) 379-1970 using an automatic telephone dialing system.

22. Defendant intended to initiate telephone calls to (404) 379-1970 using an artificial or prerecorded voice.

23. Defendant made no efforts to determine whether or not (404) 379-1970 was a cellular telephone number prior to initiating telephone calls to that number.

24. Defendant did not use a live human caller to confirm that (404) 379-1970 was subscribed to the alleged debtors prior to initiating telephone calls to that number using its Aspect software.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,                          :
                                           :
        Plaintiff,                         :
                                           :        CIVIL ACTION FILE
v.                                         :
                                           :        NO. _____
GREEN TREE SERVICING LLC,                  :
a Delaware limited liability company,      :
                                           :
        Defendant.                         :
_____          :

## CERTIFICATE OF SERVICE

I certify that I have this day attached the within and foregoing

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT GREEN

TREE SERVICING LLC to the Summons and Complaint in this action for service

contemporaneously therewith.

This 4th day of April, 2014.

                        SKAAR & FEAGLE, LLP

                        by:  _____
                              James M. Feagle
                              Georgia Bar No. 256916
                              108 East Ponce de Leon Avenue
                              Suite 204
                              Decatur, GA 30030
                              404 / 373-1970
                              404 / 601-1855 fax